Richard N. Groves, Esq.  Ariz. Bar # 4014
1708 E. Thomas Road
Phoenix, Arizona 85016
(602) 230-0995     fax (602) 277-9018
email:  azconsumerlaw@cox.net

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **ASHLEY BRAND**, | ) | VERIFIED |
| | ) | CLASS ACTION |
| | ) | COMPLAINT |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | |
| **LAW FIRM OF HELDENBRAND** | ) | |
| **COHEN,  LAW FIRM OF** | ) | |
| **HELDENBRAND & ASSOCIATES** | ) | |
| **P.C., MITCHELL E. COHEN,** | ) | |
| **J. MARK HELDENBRAND** | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

1.     Plaintiff,  Ashley Brand, an individual, on behalf of herself and all

other similarly situated, sues Defendants, Law Firm of Heldenbrand Cohen,

a business entity of unknown structure and organization, Law Firm of

Heldenbrand & Associates, an Arizona professional corporation, Mitchell E.

Cohen, an individual, and J. Mark Heldenbrand, an individual, and alleges:

## I.     PRELIMINARY STATEMENT

2.     This action is brought pursuant to the Federal Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C.§ 1692 *et seq.*, which prohibits debt

collectors, including collection attorneys, from engaging in deceptive,

abusive, and unfair practices.

3.     Plaintiff, Ashley Brand, an individual consumer, brings this action on

behalf of herself and all others similarly situated for declaratory judgment

that the practices of Defendants violated the FDCPA and for an award of

statutory damages for herself and the class.

## II.     JURISDICTION

4.     The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28

U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. §§2201-

2202.

## III.     PARTY ALLEGATIONS

5.     Plaintiff Ashley Brand ("Plaintiff") is an individual and resident of

Maricopa County, Arizona.

6.      Defendant Law Firm Heldenbrand Cohen, is  a business entity that is

not registered with the Arizona Corporation Commission or the Arizona

Secretary of State, and therefore of unknown structure and organization,

with its principal place of business located at 300 W. Clarendon, Phoenix

Arizona  85013.

7.      Defendant Law Firm Heldenbrand & Associates, P.C., is a

professional corporation organized under the laws of the State of Arizona,

with its principal place of business located at 300 W. Clarendon, Phoenix

Arizona  85013.

8.      Defendant Mitchell E. Cohen is an individual, attorney admitted to

practice in the State of Arizona, and resident of Arizona.

9.      Defendant J. Mark Heldenbrand. is an individual, attorney admitted

to practice in the State of Arizona, and resident of Arizona.

10.     Defendants are or were engaged in the collection of debts from

consumers using the mail and litigation in Arizona courts. Defendants

regularly attempt or attempted to collect consumer debts alleged to be due to

another.

11.     Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C.

§ 1692a(6).

12.     Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §

1692a(3).

## IV.    <u>FACTUAL ALLEGATIONS</u>

13.     On or about May 11, 2005, Defendant caused to be delivered upon

Plaintiff a Summons for Special Detainer and Complaint Special Detainer, a

copy of which is attached hereto as <u>Exhibit A</u>.

14.     The amount sought to be recovered in <u>Exhibit A</u> was rent incurred by

Plaintiff for personal, family, or household purposes.

15.     <u>Exhibit A</u> is the "initial communication" from Defendants to Plaintiff.

16.     <u>Exhibit A</u> contains at the top-left-hand corner,

HELDENBRAND & ASSOCIATES, P.C.
P.O. Box 34772
Phoenix, Arizona  85067-4772
Telephone:  (602) 277-4772

17.     <u>Exhibit A</u> contains at the bottom-left,

I declare under penalty of perjury that the foregoing is true and
correct.

_____
J. Mark Heldenbrand (#011790)
Mitchell E. Cohen (#007366)
Attorneys for Plaintiff

18.     <u>Exhibit A</u> fails to include the verification language required by 15

U.S.C.

§ 1692g(a).

19.      Within five days of having <u>Exhibit A</u> delivered to Plaintiff, Defendants did not send Plaintiff a written notice containing the verification language required by 15 U.S.C. § 1692g(a).

## V.     <u>DEFENDANTS' PRACTICES</u>

20.    It is or was the policy and practice of Defendants to send documents in the form of <u>Exhibit A</u> to consumers without including the verification language required by 15 U.S.C. § 1692g(a).

21.    It is or was the policy and practice of Defendants not to send consumers, within five days of sending documents in the form of <u>Exhibit A</u>, a written notice containing the verification language required by 15 U.S.C. § 1692g(a).

22.    It is or was the policy and practice of Defendants to send documents in the form of <u>Exhibit A</u> to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to their rights with respect to the validation of consumer debts under 15 U.S.C. § 1692g.

## VI.   CLASS ACTION ALLEGATIONS

23.     This action is brought on behalf of a class consisting of (i) all persons

with addresses in Maricopa County, Arizona (ii) who were sent documents

in the form of Exhibit A (iii) which were the initial communication from

Defendants (iv) in an attempt to seek restitution for a debt which, according

to the nature of the creditor or the debt, or the records of the creditor or

defendants, was incurred for personal, family, or household purposes (v)

where the validation notice of 15 U.S.C. § 1692g(a) was not provided by

Defendants before or within five days of sending Exhibit A

24.     Plaintiff alleges on information and belief based on Defendants' use of

documents in the form of Exhibit A that the class is so numerous that joinder

of all members is impracticable.  Plaintiff estimates that the class includes

hundreds or thousands of class members.

25.     There are questions of law or fact common to the class, which

common issues predominate over any issues involving only individual class

members.  The common factual issue common to each class member is that

each was sent documents in the form of Exhibit A. The principal legal issues

are whether Defendants' sending of documents in the form of Exhibit A was

the initial communication which violates the FDCPA by (i) failing to include

the verification language required by 15 U.S.C. § 1692g(a) or sending a

validation notice within five days, (ii) failing to inform properly the

consumer with respect to the consumer's rights for debt verification in a

manner which would confuse or frustrate the least sophisticated consumer in

violation of 15 U.S.C. § 1692e(10), and (iii) constituting a deceptive and

unfair debt collection practice in violation of 15 U.S.C. § 1692e.

26.    Plaintiff's claims are typical of those of the class members.  All are

based on the same facts and legal theories.

27.    Plaintiff will fairly and adequately protect the interests of the class.

He has retained counsel experienced in handling action involving unlawful

practices under the FDCPA and class actions.  Neither Plaintiff nor his

counsel have any interests that might cause them not to pursue vigorously

this action.

28.    Certification of the class under Rule 23(b)(3) of the Federal Rules of

Civil Procedure is appropriate in that:

   a.    The questions of law or fact common to the members of the
         class predominate over any questions affecting an individual
         member;

   b.  A class action is superior to other available methods for the fair
       and efficient adjudication of the controversy.

29.     Certification of the class under Rule 23(b)(2) of the Federal Rules of

Civil Procedure is also appropriate in that Defendants have acted on grounds

generally applicable to the class thereby making appropriate declaratory

relief with respect to the class as a whole.

30.     Plaintiff requests certification of a hybrid class under Rule 23(b)(3)

for monetary damages and Rule 23(b)(2) for equitable relief.


## VII.   <u>FAIR DEBT COLLECTION PRACTICES ACT CLAIMS</u>

31.     Defendants' conduct violated the FDCPA, 15 U.S.C. § 1692 *et seq*,

including, but not limited to:

      a.     failure to include in the initial communication or by sending
written notice within five days of the initial communication the
verification language required by 15 U.S.C. § 1692g(a), in
violation of 15 U.S.C.  § 1692g(a);

      b.     failure to properly inform the consumer as to the consumer's
rights for debt verification in a manner that was not reasonably
calculated to confuse or frustrate the least sophisticated
consumer, in violation of 15 U.S.C. § 1692e; and

      c.     utilizing a collection communication in an attempt to collect a
consumer debt that was unfair and represented a deceptive debt
collection practice in violation of 15 U.S.C. § 1692e.

32.     As a result of Defendants' conduct, Plaintiff and the class are entitled

to an award of statutory damages pursuant to 15 U.S.C. § 1692k.

33.     As a result of Defendants' conduct, Plaintiff and the class are entitled

to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Plaintiff Ashley Brand requests judgment be entered

in her favor, and in favor of the class, against Defendants Law Firm of

Heldenbrand Cohen, Heldenbrand & Associates, P.C., Mitchell E. Cohen,

and J. Mark Heldenbrand for:

a.     Declaratory judgment that Defendants' <u>Exhibit A</u> violates the Fair Debt Collection Practices Act;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     An award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k; and

d.     Such other and further relief as the Court may deem just and equitable.

## **<u>JURY TRIAL DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,

Plaintiff Ashley Brand hereby demands trial by jury of all triable issues.

Dated this 11th day of November, 2005.

s/  Richard Groves
Richard Groves
LAW OFFICE OF RICHARD GROVES
1708 East Thomas Road
Phoenix, Arizona 85016
(602) 230-0995
(602) 277-9018 (Facsimile)
ATTORNEY FOR PLAINTIFF