IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashley Brand,<br><br>           Plaintiff,<br><br>vs.<br><br>Law Firm of Heldenbrand Cohen; Law Firm of Heldenbrand & Associates, P.C.; Mitchell E. Cohen; and J. Mark Heldenbrand,<br><br>           Defendants. | No. CV 05-3656-PHX-MHM<br><br>**ORDER** |

Currently before the Court is Defendants' Law Firm of Heldenbrand Cohen, Law Firm of Heldenbrand & Associates, P.C.; Mitchell E. Cohen and J. Mark Heldenbrand ("Defendants") Motion to Dismiss for Failure to State a Claim. (Dkt.#8). After reviewing the pleadings and determining that oral argument is not necessary, the Court issues the following Order.

**I.     Background & Procedural History**

On November 11, 2005, Plaintiff Ashley Brand ("Plaintiff") filed a verified class action complaint asserting a claim under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff alleges that "[o]n or about May 11, 2005, Defendants caused to be delivered upon Plaintiff a Summons for Special Detainer and Complaint Special Detainer..." (Complaint ("Compl.") ¶ 13). Plaintiff contends that the Defendants

1 delivery of the summons and special detainer complaint is an "initial communication" under
2 the FDCPA; however, Defendants failed to include the "verification language required by
3 15 U.S.C. 1692g(a)."  (Compl. ¶ 18).  Additionally, Defendants allegedly failed to send
4 Plaintiff a written notice containing the verification language within five days of the delivery
5 as required by § 1692g(a).  (Id. at ¶ 19).  Plaintiff alleges that Defendants' conduct violates
6 the FDCPA and seeks statutory damages, costs and attorney fees

7 On December 7, 2005, Defendants moved to dismiss Plaintiffs' Complaint pursuant
8 to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that the FDCPA does
9 not apply to a complaint served upon a tenant, such as Plaintiff, by a landlord pursuant to a
10 residential landlord tenant relationship. (Dkt.#8).  Plaintiff filed her response on January 6,
11 2006 (Dkt.#9) and Defendants issued their reply on January 12, 2006. (Dkt.#10).[1]

**II.  Standard**

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.  Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).  Accordingly, the court will not dismiss a complaint unless it appears beyond a doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).  In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Wyler Summit Partnership v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir.1998).  As such, an inquiry into the adequacy of the evidence is improper when deciding whether to dismiss for failure to state a claim. Enesco Corp. v. Price/Costco Inc., 146 F.3d 1083, 1085 (9th Cir. 1998).

**III.  Analysis**

---

[1] Defendants make note that Plaintiff's response to the pending motion was not in compliance with the time considerations of Rule 7.2(c) of the Local Rules of Civil Procedure of the District Court of Arizona.  However, this Court in the exercise of its discretion will consider Plaintiff's response on the merits.  Plaintiff; however, should be on notice that this Court will scrutinize any such late filings in the future.

- 2 -

1  Defendants offer several bases disputing the application of the FDCPA to the issuance
2 of the summons and special detainer complaint issued to Plaintiff.  Specifically, Defendants
3 contend that a special detainer action is not an action to collect a debt and a special detainer
4 complaint is not an initial communication as contemplated by the FDCPA.

5  Under the FDCPA, "[w]ithin five days after the initial communication with a
6 consumer in connection with the collection of any debt," a debt collector must send the
7 debtor written validation notice containing certain information.  15 U.S.C. § 1692g(a).  The
8 information must include the amount of the debt and name of the creditor and advise that the
9 debt will be assumed valid if the debtor does not dispute its validity within 30 days of the
10 receipt of the notice.  § 1692g(a)(1)-(3).  The notice must also include a statement that if the
11 debtor disputes the debt within the 30-day period, the debt collector will obtain and send the
12 debtor verification of the debt.  The debt collector further is required to send to the debtor,
13 upon written request, the name and address of the current creditor if different from the
14 original creditor. § 1692g(a)(4)-(5).  Under the FDCPA, "communication" is defined broadly
15 to mean "the conveying of information regarding a debt directly or indirectly to any person
16 through any medium.  15 U.S.C. § 1692a(2).

17  As demonstrated by the parties' pleadings, Circuits have ruled differently as to
18 whether service of a summons and complaint constitutes an "initial communication" under
19 the FDCPA.  Compare Vega v. McKay, 351 F.3d 1334, 1337 (11th Cir. 2003) (finding that
20 a summons and complaint are not initial communication triggering debt validation notice of
21 § 1692g(a)); with Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914, 921 (7th Cir.
22 2004) (finding that summons and complaint served in a state court action constitute an
23 "initial communication" under the FDCPA).  The parties also recognize that the Ninth Circuit
24 has yet to render a decision addressing this issue.  Given the split of authority, both parties
25 offer their respective arguments in support of their positions.

26  Defendants rely on the plain language of applicable statutes as well as Congress' likely
27 intent in formulating the FDCPA.  First, Defendants note the applicable language of the
28 Arizona Landlord Tenant Act.  A.R.S. § 33-1368(B) and (C) state in pertinent part:

- 3 -

> A tenant may not withhold rent for any reason not authorized by this chapter. If rent is unpaid when due and the tenant fails to pay rent within five days after written notice by the landlord of nonpayment and the landlord's intention to terminate the rental agreement if the rent is not paid within that period of time, the landlord may terminate the rental agreement by filing a special detainer action...
>
> The landlord may recover all reasonable damages, resulting from non-compliance by the tenant with the rental agreement or § 33-1341 or occupancy of the dwelling unit, court costs, reasonable attorney fees and all quantifiable damage caused by the tenant to the premises.

Further, Defendants note that A.R.S. § 33-1377(D) states that "[i]n addition to determining the right to actual possession, the court may assess damages, attorneys fees and costs..."

Based upon the Arizona statutory language, Defendants argue that in reality a special detainer action is not an action to enforce a debt but rather is primarily an action to recover possession of property. Thus, while damages are permitted in Arizona, Defendants believe that such remedy should not place special detainer actions within the scope of the FDCPA.

In addition, Defendants offer argument in support of their position that the a special detainer action should not be deemed to be an "initial communication" within the context of the FDCPA. Plaintiffs cite that had Congress intended the verification language of the FDCPA to apply to formal pleadings, it could have easily implemented such a requirement. Defendants cite the Court's attention to the 11th Circuit's holding in Vega, 351 F.3d at 1337, which expressly held that a summons and complaint do not constitute an "initial communication" under the FDCPA. Lastly, Defendants make note that the dissenting opinion by Judge Evans in the 7th Circuit's ruling in Thomas, 392 F.3d at 921, also provides authority in support of Defendants' position.

Plaintiff's response to Defendants' Motion cites several cases rebutting the Defendants' argument. First, Plaintiff notes that courts have indirectly addressed the issue of whether a special detainer action constitutes an action to collect a debt, thus implicating the FDCPA. Most notably, in Piper v. Portnofff Law Associates, Ltd., 396 F.3d 227, 236 (3d Cir. 2005) the Third Circuit affirmed the district court's conclusion that the FDCPA was implicated where the law firm was hired to collect payments for overdue water and sewer obligations.

- 4 -

1  The court rejected the argument that the FDCPA was not implicated because the defendants
2  were not attempting to collect a debt, which would implicate the FDCPA, but rather were
3  trying to enforce a lien. Id. The Third Circuit stated that "[w]e agree with the District Court
4  that '[i]f a collector were able to avoid liability under the FDCPA simply by choosing to
5  proceed in rem rather than in personam, it would undermine the purpose of the FDCPA.'" Id.
6  Plaintiff cites Piper to demonstrate that Defendants cannot side step their role as debt
7  collectors by selectively proceeding under the Arizona landlord Tenant Act in rem for
8  possession of the land rather than in personam for damages. Plaintiff's argument is further
9  supported by the fact that Defendants' special detainer action seeks in part rent, late fees and
10 damages in the amount of $3,232.90. (Plaintiff's Complaint, Exhibit A).

11 Additionally, Plaintiff cites authority demonstrating that where there is a conflict
12 between state law and the FDCPA, the FDCPA controls. See Romea v. Heilberger &
13 Associates, 163 F.3d 111, 118 (2d Cir. 1998).

14 Lastly, Plaintiff rebuts Defendants' argument that a special detainer summons and
15 complaint cannot constitute an "initial communication" under the FDCPA. As noted above,
16 Plaintiff refers the Court's attention to Thomas, which held that the service of a summons and
17 complaint in a state court proceeding constitutes an "initial communication" within the
18 meaning of the FDCPA, and thus triggers an obligation to notify the plaintiff of his rights
19 within five days. Id. at 921. Plaintiff also cites several district court and state court opinions
20 supporting the application of the FDCPA to state court proceedings. Goldman v. Cohen,
21 2004 U.S. Dist. Lexis 25517 (S.D.N.Y. 2004) (finding that attorney's legal pleading was a
22 communication within meaning of FDCPA); Mendus v. Morgan & Assoc., P.C. 994 P.2d 83
23 (Okla.Ct.App. 1999) (finding that complaint was a communication under the FDCPA).

24 The arguments raised by the parties identify both sides of the issue regarding
25 application of the FDCPA to the service of a summons and complaint in a state court
26 proceeding such as this special detainer proceeding. In reviewing both arguments and the
27 applicable case law, the Court finds Plaintiff's argument persuasive. In fact, this Court
28 recently addressed the issues presented and found the FDCPA applicable to the service of a

1 summons and special detainer complaint.  See Thweatt v. Law Firm of Koglmeier, Dobbins,
2 Smith & Delgado, P.L.C., 425 F. Supp.2d 1011 (D.Ariz., March 21, 2006), CIV 05-2005-
3 PHX-MHM (Dkt.#19).  In Thweatt, this Court deemed persuasive the Seventh Circuit's
4 position that the service of a summons and complaint as an "initial communication" is
5 consistent with the intent of the drafters of the statute, to "protect consumers from a host of
6 unfair, harassing, and deceptive trade collection practices."  Id. at 1013-14 (citing Thomas,
7 392 F.3d at 917).  Moreover, that to except the service of pleadings from the definition of
8 "communication" would erode the § 1962g requirement to inform debtors of their validation
9 rights altogether by initiating litigation.  Id.

10 In light of the fact that the Ninth Circuit has not issued a decision addressing the
11 issues discussed in Vega and Thomas and Defendants offer no persuasive argument
12 suggesting that the Court depart from its previous ruling, this Court finds that the FDCPA
13 applies to the underlying state action at issue in this case.  Specifically, the service of the
14 summons and complaint of the special detainer action upon Plaintiff adequately states a claim
15 under the FDCPA because: (1) a special detainer action does fall within the purview of the
16 FDCPA and (2) the service of a special detainer summons and complaint does constitute an
17 "initial communication" consistent with the scope of the FDCPA.

18 **Accordingly,**

19 **IT IS HEREBY ORDERED** denying Defendants' Motion to Dismiss for failure to
20 state a claim.  (Dkt.#8).

21 / / /
22 / / /

1     **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to Strike
2  Scandalous Matter. (Dkt.#11).
3     DATED this 25th day of August, 2006.

_____
Mary H. Murguia
United States District Judge